UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

S.M.A., a minor, by his parent and natural mother, C.P.,

                                         Plaintiffs,

v.

THE CITY OF NEW YORK, THE CITY OF NEW YORK EDUCATION DEPARTMENT;

                                           Defendants.

CIVIL ACTION No.

1:21-cv-1254 ENV-SJB

**AMENDED COMPLAINT**

-----------------------------------------------------------------------X

Plaintiffs, by and through their attorney, Arthur John Golder III, Esq., as and for their Complaint against the Defendants, allege the following:

PRELIMINARY STATEMENT

1. The within action is to recover attorney's fees and costs that Plaintiffs' representatives incurred in the course of due process proceedings brought under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et. seq. (hereinafter IDEIA), and in which they were prevailing parties.

JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 20 U.S.C. § 1415(i)(3)(A-G); as an action for an award of reasonable attorney's fees to a prevailing party in an administrative proceeding under IDEIA, without regard to the amount in controversy; and under 28 U.S.C. §1331 as an action raising a federal question.

3. Venue lies in this District pursuant to 28 U.S.C. §1331 (b)(2) as the judicial district in which the events giving rise to the action occurred.

PARTIES

4. S.M.A. and his mother, C.P. are not specifically named in the within action to protect

1

the privacy accorded them under the IDEIA, and other federal laws and regulations.[1]

5. Plaintiffs C.P. is the natural mother of S.M.A., who is a minor child with autism, and who have requested, and from time to time received, special education for this child from the New York City Education Department. The Plaintiff resides with her child in Middle Village, Queens, New York, and resided there at all times relevant herein. The family resides within the area designated for service by the New York City Education Department.

6. At all relevant times herein, S.M.A.'s disabilities were severe. S.M.A. is a child with autism, whose disorder profoundly affects every area of his development. His severe needs have been found to require intensive services, including intensive behavioral school based programs, a home-based program of 20 ABA hours per week in addition to the school based program, as well as after school speech, Occupational Therapy (OT), Physical Therapy (PT), Parent Training and supervision of all by a Board Certified Behavior Analyst. S.M.A.'s mother C.P. is a single parent with four children, struggling to meet S.M.A.'s intensive needs as well as the needs of her other children. S.M.A. could not learn without intensive 1:1 intervention. His attending skills are weak, and his high distractibility requires intensive 1:1 efforts at motivating him, providing visual support, reinforcing him when he did attend to instruction, and constant redirection to keep him on task. Such intensive support is necessary for him to learn at all in any of the environments in which he must learn: school, home and in the community. It was critical for him to be able to learn at home and in the community if he was to continue to learn the objectives

---

[1] Plaintiffs are not expressly named herein by their given names, or further identified by their full address, because of privacy guarantees established pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1412(a)(8); § 1417(c) and 34 C.F.R. § 300.623, § 300.123; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and 34 C.F.R. §104.36; the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99. See *H.L. v. N.Y.C. Dep't of Educ.,* 15-cv-2451, 2019 WL 181307 at *1 n.1 (S.D.N.Y. Jan. 11, 2019)("...in an action commenced by a parent or guardian on behalf of a minor child pursuant to the IDEA, the Plaintiff should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court.")(citing Fed. R. Civ. P. 5.2(a); 20 U.S.C. § 1417(c), internal quotation marks omitted).

taught in school, and continue toward the goal of self sufficiency mandated by IDEIA and the New York State Education Law.

7. S.M.A.'s slow acquisition rate for new skills, his lack of functional language, his maladaptive behavior which interfered with learning, his potential for regression, the weaknesses described above, all combined to require extensive and intensive services at school, in the home and in the community if he was to obtain benefit from his education.

8. Upon information and belief, the Defendants The City of New York, and New York City Department of Education (hereinafter "Defendants") are each a corporate body pursuant to Article 52-A of the New York State Education Law, §§ 2550 et. seq.; §2590-A- §2590-C. The City of New York, the Department of Education and the Board of Education are each a Local Education Agency and/or an Educational Service Agency as defined in 20 U.S.C. §§ 1401(19)(A)(B);1400(c)(5)(C), 1401(5)(A-B), 34 C.F.R. §300.2(b)(1), 34 C.F.R. §300.12, and as such each manages and controls the educational affairs of the New York City public schools, and administers special education in the area in which Plaintiffs reside. The Defendants are each responsible for providing a free, appropriate public education (hereinafter "FAPE") to children with disabilities under the IDEIA, its implementing regulations, under the New York State Education Law Article 89 and the Regulations of the Commissioner of the New York State Education Department. The Defendants each have principal places of business at Tweed Courthouse, 52 Chambers Street, New York, New York, and at 110 Livingston Street, Brooklyn, New York.

9. The Defendants delegate their responsibility to develop Individualized Education Programs, (hereinafter IEP) defined at 20 U.S. C. §1414(d)(1)(A) and (d)(6), 34 C.F.R. §300.320, New York State Education Law § 4401 et. seq., 8 NYCRR §200.1(y), §200.4(d)(2), to their Committee on Preschool Special Education (hereinafter CPSE) and their Committee on Special Education (hereinafter CSE), each of which has the responsibility of fulfilling the requirements for the meeting of an IEP Team for each child, pursuant to 20 U.S.C. §1414(d)(1)(B)-(d)(1)(D), 34

C.F.R. §300.321, New York State Education Law § 4410(1)(e), §4410(3)(a), 8 NYCRR §200.1(j) [committee on preschool education for children ages 3-5 years old], and New York State Education Law §4402, 8 NYCRR §200.1(k) [committee on special education for children ages 5-21 years old]. At all times relevant herein, the New York City Education Department was required to provide a free, appropriate public education to children with special education needs in the area in which the Plaintiffs reside.

10. Special education means specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability, including instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings. See 20 U.S.C. § 1401(29) (A).

11. The term "Special Education Itinerant Teacher", hereinafter "SEIT" refers to the staff that provides special education to children in the home, community or other locations. The category of service is defined in New York State Education Law § 4410(k) as Special Education Itinerant Services.

12. The term "ABA" refers to applied behavior analysis, a branch of behavioral science the principles of which are sometimes used in developing teaching procedures for children with autism.

13. The term "pendency' denotes the Plaintiff child's right to maintain his current educational placement and related services upon commencement of Impartial Due Process Proceedings. This right is afforded by the so-called "stay-put" provisions of IDEA, 20 U.S.C. § 1415(j), 34 C.F.R. §300.518(a), establishing that the child remains in the current educational placement pending the outcome of any dispute. Pendency or "stay put" rights are invoked upon the filing of a due process complaint, and arise automatically by virtue of the terms of the relevant statutes and regulations. School Districts are required to implement pendency by operation of statute, and their obligation to provide pendency attaches without the necessity of any administrative or court order. *See Letter to Goldstein*, Office of Special Education Programs,

October 18, 2012, 60 IDELR 200. In applications for injunctive relief to enforce pendency rights, such actions have been characterized in this Circuit as an "automatic injunction"; and further that access to immediate interim relief [referring to injunctive relief by the Federal District Court] is essential for the vindication of this particular IDEA right. The Defendant's failures in the underlying matters to immediately implement the current educational placement violates the protections afforded under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1462, 34 C.F.R. Part 300; 29 U.S.C. § 794; N.Y. Educ. Law §§ 4401-10, and 8 NYCRR Part 200, the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section XI of the New York State Constitution, as well as Title 42, § 1983. The child herein, S.M.A. experienced gaps in his program and services by virtue of the Defendant's failures to timely implement pendency. Federal and State law concerning pendency are aimed at preventing such gaps in services while due process complaints are heard. At several junctures in each of the underlying matters, counsel prepared papers for filing in the Eastern District Federal court seeking a temporary restraining order, preliminary and permanent injunction, to ensure that the gap in services was closed. Counsel served advance notice under Local Rule 6 of the potential filing of a Federal complaint and Order to Show Cause, as is required, and in order to get the Defendants to resolve the pendency issues without need for a Federal court filing. Upon information and belief, the failure to implement existing placements and services during due process is part and parcel of a practice, custom, policy and procedure engaged in by the Defendants in violation of federal and state civil rights laws, and are the subject of a Class Action complaint in an action pending in the Southern District of New York, *MG and VM v New York City Department of Education*, et. al. Civil Action No 1:13-cv-04639-SAS. The class was certified by an order of that court. Plaintiffs are both strangers to that action, and are neither parties nor participants therein.

## FACTS

a. Case No. 160825, The 2016-2017 school year and the 2017-2018 school year

14. Beginning prior to the 2014-2015 school year, C.P. as S.M.A.'s mother, was forced to obtain special education from the Defendants through successive due process complaints in each of successive school years. For the 2015-2016 school year, S.M.A. received a school based special education program at the ELIJA School in Levittown, New York, and an intensive program of outside related services, pursuant to a final order, or Findings of Fact and Decision in IHO Case No. 155572. Therein, IHO Daniel Ajello found that the Defendant's IEP for the 2015-2016 school year was inadequate to meet S.M.A.'s needs, and the Defendants were ordered to pay the tuition at the ELIJA School, located in Levittown, New York. The ELIJA School is a licensed non-public school specializing in the treatment of children with autism, however, the New York State Education Department has not approved the ELIJA School to accept placements by school districts of children receiving special education. Pursuant to IHO Ajello's final order, Defendants. were required to pay the tuition at the ELIJA School. Under the final order, S.M.A. also received related services consisting of 1:1 Applied Behavior Analysis intervention (ABA) outside of school and in addition to the school based program, Speech pathology services, Physical Therapy and Occupational Therapy, all on a 12 month, extended school year.

15. By virtue of his status as an identified child with disabilities, and as the subject of a previous final order requiring the Defendants to provide him with special education and related services, the Defendants were required to conduct an annual review of his Individual Education Program (IEP) for the 2016-2017 school year, and to provide him with a free, appropriate public education.

16. The Defendants failed to timely hold any annual review of S.M.A.'s IEP, and failed to have any program or placement available to him. S.M.A.'s special education program includes

extended school year services, or summer services, such that his school year begins in the summer, requiring that his annual review and IEP development take place before the summer. By a due process complaint dated June 21, 2016, the Plaintiffs requested an impartial due process hearing by a Notice of Impartial Hearing, seeking continuation of the program at the ELIJA School as well as the respective related services, increasing some of them .

17. The Defendants assigned the matter their Case No. 160825. Eventually, extensive settlement negotiations occurred, and several draft settlement agreements were exchanged. The hearing date was adjourned several times over several months in order to allow further negotiations. There were five (5) hearing dates in total, on August 5, 2016, October 5, 2016, December 6, 2016, October 2, 2017 and March 8, 2018.

18. Ultimately, it became evident that the Defendants would not settle the case on terms acceptable to the Plaintiffs. The Defendant's settlement offers included language that did not sufficiently provide for Plaintiffs fundamental rights to pendency and to have an IEP document for S.M.A., and so were not reasonable offers of settlement. The settlement offers were also not reasonable because the offers contained insufficient related services to meet S.M.A.'s needs. The Plaintiffs were substantially justified in rejecting the settlement offers. See 20 U.S.C. §1415(i)(3)(E). Ultimately, it was the Defendants that ended the settlement negotiations, and insisted that the matter proceed to a full hearing on the merits. Ultimately, the Plaintiffs had no settlement offer to accept. The settlement was not concluded, and the matter was scheduled for hearings.

19. The impartial hearing commenced before IHO John Farago on March 8, 2018. The Defendants declined to present a case before the IHO; the Parents submitted documents into evidence, and presented the testimony of two witnesses.

20. By decision dated March 13, 2018, the IHO ruled that Defendants conceded that they failed to provide S.M.A.. with a FAPE by virtue of declining to put on any case; Defendants failed to rebut Plaintiffs' evidence that S.M.A.'s placement at the ELIJA School was appropriate

or that the child's programs and services as previously provided under the Final Order in Case No. 155572 and IHO Farago's own previous pendency order were appropriate to meet S.M.A.'s needs (IHO Decision, p. 72-76). Based on these findings, the IHO directed Defendants to both retroactively and prospectively pay for the full cost of tuition and attendance at the ELIJA School, as well as directing the Defendants to provide, i.e. pay for, all of the related services requested by the Plaintiffs in their Due Process complaint. Having won on all issues, the Plaintiffs were prevailing parties.

21. The tuition payment award, and the favorable decision of the IHO John Farago were secured as a result of the legal services provided by counsel.

22. Counsel expended a total of 50.68 hours at $ 650.00 per hour in representing Plaintiffs in Case No. 160825 as hereinabove alleged, and together with compensable costs, the resulting total charge is $ 32,938.48.

b. Case No. 173985,  2018-2019 School Year

23. On May 23, 2018, Defendants convened an Annual Review IEP meeting for purposes of developing and IEP for the 2018-2019 school year.

24. The IEP developed following the Annual Review IEP meeting was not adequate to meet the child's special education needs, and further did not provide sufficient related services to meet his needs. Additionally, no actual school placement was ever identified for this child.

25. On June 28, 2018, the Parent filed a due process complaint titled "Notice of Impartial Due Process Hearing", along with an Expedited Pendency Application and Notice of Motion for Summary Judgment on Pendency. The Defendants assigned the matter Case No. 173985.

26. The Defendant's ongoing failure and refusal to provide for pendency required numerous emails and telephone calls by the Parent and counsel seeking implementation of the

Plaintiff's special education pendency rights. These efforts included the drafting of papers for potential filing in the Eastern District of New York to seek an Order to Show Cause, a temporary restraining order, and a preliminary and permanent injunction, requiring the Defendants to implement pendency. Several Local Rule 6 notices of a potential filing by Order to Show Cause and Complaint were sent to the Defendants General Counsel's Office in attempts to get the Defendants to timely implement pendency. Ultimately, counsel was successful in having the appointed Impartial Hearing Officer issue an Order on Pendency, ordering the Defendants to implement the child's pendency.

27. The full due process hearing took place before the assigned Impartial Hearing Officer on August 10, 2018. His final order in the case, the Findings of Fact and Decision (hereinafter "FOFD"), was issued on September 7, 2018. The Hearing Officer found in favor of the Plaintiffs on all issues, but omitted to make any decision as to the special education transportation related services needed by the child.

28. Accordingly, the Plaintiffs appealed the Hearing Officer's deficient FOFD to the New York State Education Department Office of State Review, the body designated by law to hear such appeals. The Office of State Review assigned No. 18-120 to the appeal. In a decision dated December 21, 2018, the State Review Officer decided all issues on appeal in favor of the Plaintiffs.

29. By virtue of the decisions of the Impartial Hearing Officer in Case No. 173985, and in Appeal No. 18-120, the Plaintiffs won on all issues, and are prevailing parties for purpose of the attorney's fee provisions of IDEIA.

30.. Counsel expended a total of 39.50 hours at $ 650.00 per hour in representing Plaintiffs in Case No. 173985 as hereinabove alleged, and together with compensable costs, the resulting total charge is $ 25,676.54.

c. Case No. 183672, 2019-2020 School Year

    31.    On May 1, 2019, the Defendants convened an Annual Review IEP meeting for purposes of developing an IEP, program and school placement for the 2019-2020 school year. While an IEP was developed for that year, it was not sufficient to meet the child's special education needs, and further failed to include sufficient related services to meet his needs. Once again, the Defendants failed to identify any school placement for the child.

    32.    On June 25, 2019, the Plaintiffs filed a due process complaint, an Expedited Pendency Application and Notice of Motion for Summary Judgment on Pendency, and other papers initiating a due process proceeding.

    33.    The Plaintiffs again had to pursue the Defendants to get them to implement the child's special education pendency rights, including requesting and obtaining relief from the assigned Impartial Hearing Officer in the form of a pendency order, and interposition of Local Rule 6 notices upon successive failures by the Defendants to implement pendency.

    34.    A hearing on the matter was held on August 8, 2019, and the Hearing Officer's Findings of Fact and Decision was finalized on September 19, 2019. The Hearing Officer's FOFD found in favor of the Plaintiffs on all issues, awarded tuition and related services, finding in favor of the Plaintiffs on all requests made in the due process complaint.

    35.    Having won on all issues, the Plaintiffs were prevailing parties for purpose of the attorney's fee provisions of IDEIA.

    36.    Counsel expended a total of 18.35 hours at $ 650.00 per hour in representing Plaintiffs in Case No. 183672 as hereinabove alleged, and together with compensable costs, the resulting total charge is $ 11,927.30.

37. Plaintiffs were prevailing parties in all proceedings hereinabove alleged within the meaning of IDEIA, 20 U.S.C. § 1415(i)(3)(B)(i)(I) and 34 C.F.R.§ 300.517(1)(i).

38. The action is timely brought within the applicable three (3) year statute of limitations for such actions.

39. The hours expended by counsel in connection with the proceedings alleged hereinabove were reasonable in relation to the services required and performed.

40. The lawyer who performed all of the legal work in the underlying proceedings is Arthur John Golder, III, Esq.. Mr. Golder is an attorney with 34 years experience in federal courts, state courts and in administrative proceedings, who from time to time has tried cases under various state and federal civil rights laws beginning in 1987, and who has represented families and children with autism in their efforts to seek appropriate education services for 22 years.

41. Plaintiffs therefore leave to this Honorable Court the determination of the hourly rate that will be approved in this case for the work performed by Arthur John Golder, III, Esq. The hourly rates are reasonable within the applicable standard as to prevailing rates in the Eastern District of New York.

42. The Defendants have not made any payment regarding the legal fees claimed in the within action.

WHEREFORE, by reason of the foregoing, Plaintiffs pray that the Court:

1. Award and fix reasonable attorney's fees and costs, in an amount to be later determined, by reason of the legal services rendered in connection with the Plaintiffs' due process proceedings;

2. Award and fix reasonable attorney's fees and costs in connection with the within action for attorney's fees;

3. Award such other, further and different relief as to the Court may seem just and proper under the circumstances.

DATED: August 22, 2021

Yours, etc.,

_____
Arthur J. Golder, III, Esq. (AJG-6023)

Attorneys for PLAINTIFFS
24 North Washington Street
Port Washington, New York 11050-2714
(516) 713-1552
golder@optonline.net